UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAVERLY LEE TROUSER, JR.,

               Petitioner,                    Case No. 2:24-cv-10699
                                           Hon. Jonathan J.C. Grey

v.

CHIS SWANSON, ET AL,

               Respondents.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner Waverly Lee Trouser Jr. is a pretrial inmate incarcerated at the Genesee County Jail. He filed this petition for writ of habeas corpus seeking his release from custody, asserting that defects in the charging documents and process divested the state court of jurisdiction to proceed against him.

For the reasons set forth below, the Court summarily **DISMISSES** petitioner's action and abstains from interfering in the pending state criminal proceeding because Petitioner fails to allege facts showing that he faces a threat of an immediate and irreparable injury, and because Petitioner fails to assert that he exhausted his state court remedies. The

1

Court also **DENIES** Petitioner a certificate of appealability and denies permission to appeal in forma paueris.

### I.    BACKGROUND

On November 21, 2020, Petitioner was arraigned in a Genesee County District Court on multiple narcotics and firearm charges. (ECF No. 1, PageID.32-35.) He was released on bond on November 23, 2020. (*Id.*, PageID.32.)

On August 2, 2021, Petitioner failed to appear for a court date, and a bench warrant was issued. (*Id.,* PageID.38.) Petitioner was arrested on April 10, 2023. He was released on bond again, but he failed to appear at an April 20, 2023, proceeding. (*Id.,* PageID.39.) Petitioner was arrested yet again, and on May 20, 2023, he was denied bond. (*Id.,* PageID.39.) Petitioner has been held in the Genesee County Jail since that date as a pretrial detainee. (*Id.,* PageID.40.)

Petitioner's pro se pleading is not entirely clear. As best as the Court can discern, Petitioner asserts that the criminal complaint and arrest warrants are defective for numerous reasons, including the fact that they were not date-stamped, properly served, or sworn to by a law enforcement officer. Petitioner also asserts that he never consented to be

2

subject to judicial action, and he was never afforded his right to a grand jury.

## II.   ANALYSIS

After a petition for writ of habeas corpus by a state prisoner is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

Under 28 U.S.C. § 2241(c)(3), federal courts have authority to grant habeas relief to a state pretrial detainee in custody in violation of the Constitution or laws or treaties of the United States. Nevertheless, the Supreme Court has strongly cautioned that a federal court should not interfere in pending state criminal proceedings absent the threat of an "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

The Sixth Circuit likewise has instructed federal habeas courts to exercise restraint before interfering in pending state criminal proceedings:

> [A]lthough § 2241 establishes jurisdiction in the Federal Courts to consider pretrial habeas corpus petitions, the Courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted).

In light of these precedents, "federal courts routinely reject petitions for pretrial habeas relief, with two important exceptions." *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011) (citation omitted). The first exception is a viable claim that a state prosecution will violate the Double Jeopardy Clause. *See Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981). The immediate and irreparable harm in such a case is compelling the defendant to stand trial a second

time for the same offense – the very action the Double Jeopardy Clause is meant to prohibit. The second exception involves speedy trial claims seeking a speedier trial instead of dismissal of charges. *See Atkins*, 644 F.2d at 546 n.1.

Nowhere in the habeas petition does Petitioner assert that his prosecution is barred by double jeopardy. Nor does he demand a speedier trial. Rather, all of Petitioner's claim seek dismissal of the charges and his release from jail for alleged procedural defects. If a habeas petitioner seeks dismissal of the charges, he does not assert exceptional circumstances warranting federal intervention because dismissal of a criminal case "'could not be more disruptive of pending state actions.'" *Smith v. Burt*, 2019 U.S. App. LEXIS 22193, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) (quoting *Atkins*, 644 F.2d at 546).

Additionally, even assuming extraordinary circumstances existed, Petitioner would still be required to exhaust available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Atkins*, 644 F.2d at 546. A challenge to pretrial detention in Michigan is governed by MICH. COMP. LAWS § 765.1 et seq. Furthermore, Petitioner has not alleged

5

that any of the legal arguments he raises in his petition have been raised in the state trial court in a motion to dismiss.

Accordingly, Petitioner fails to allege facts indicating that any of the exceptions to the abstention doctrine apply here, and that extraordinary circumstances warrant the Court's intervention in his state criminal case. Moreover, Petitioner neither alleges nor establishes that he had exhausted available state court remedies before seeking federal habeas relief. This habeas action is therefore premature and must be dismissed.

Moreover, before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a). The Court finds that reasonable jurists would not debate the Court's assessment that the petition is subject to summary dismissal, nor conclude that the issues deserve encouragement to proceed further. The Court therefore denies a certificate of appealability.

Finally, because an appeal could not be taken in good faith, the Court denies leave to proceed in forma pauperis on appeal should Petitioner decide to appeal this decision. 28 U.S.C. § 1915(a)(3).

## III.   CONCLUSION

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.


**SO ORDERED**.

s/Jonathan J.C. Grey
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2024

7

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2024.

s/ S. Osorio
Sandra Osorio
Case Manager

8